DAVID JOHNSON AND SOLOMON JOHNSON

VERSUS

SHERIFF MIKE TREGRE, ET AL.

NO. 24-C-540

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

December 04, 2024

Susan Buchholz
Chief Deputy Clerk

**IN RE** SHERIFF MIKE TREGRE AND OLD REPUBLIC INSURANCE COMPANY

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 78,859

Panel composed of Judges Fredericka Homberg Wicker,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

In this wrongful death and survival suit arising from an automobile colliding with an occupied travel trailer, defendants Sheriff Mike Tregre and Old Republic Insurance Company seek supervisory review of a July 24, 2024 judgment of the district court denying their second peremptory exception of no cause of action.[1]

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Palowsky v. Campbell*, 21-358 (La. App. 5 Cir. 3/30/22), 337 So.3d 567, 572. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts conduct a *de novo* review because the exception raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Id*. At the trial of the exception, the court reviews the petition and accepts the well-pleaded allegations of fact as true. *Id*. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause

---

[1] See also our prior disposition, 23-C-587.

24-C-540                                1

of action.  *Id.*  Because the trial of the exception is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case.  *Id.*

Upon *de novo* review, we find that the facts alleged in plaintiffs' first amended and supplemental petition do set forth a cause of action against defendants.  We find no error in the trial court's judgment denying defendants' second peremptory exception of no cause of action.  This writ is denied.

Gretna, Louisiana, this 4th day of December, 2024.

**TSM**
**FHW**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/04/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-540**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Catherine Hilton (Respondent)
Kyle M. Truxillo (Respondent)
D. Russell Holwadel (Respondent)

Jason E. Wilson (Respondent)
Jason P. Wixom (Relator)
Heather E. Reznik (Respondent)

### MAILED
Craig E. Frosch (Relator)
Laura C. Rodrigue (Relator)
Blake J. Arcuri (Relator)
Attorneys at Law
1615 Poydras Street
Suite 1250
New Orleans, LA 70112

Patricia P. Wattigny (Respondent)
Attorney at Law
3861 Ambassador Caffery Parkway
Suite 300
Lafayette, LA 70503

Ron A. Austin (Respondent)
Attorney at Law
400 Manhattan Boulevard
Harvey, LA 70058